UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

    Plaintiff,

v.

FLINT INK CORPORATION,

    Defendant.

_____/

PAUL V. GADOLA
02-40075
CIVIL NO.
MAGISTRATE JUDGE PEPE

COMPLAINT
JURY TRIAL DEMAND

## NATURE OF THE ACTION

This is an action brought under the Equal Pay Act of 1963, Title VII of the Civil Rights Act of 1964, and Title I of the Civil Rights Act of 1991 to restrain the unlawful payment of wages to employees of one sex at rates less than the rates paid to employees of the opposites sex and to provide appropriate relief due to Barbara Mark and Colleen Dalton as a result of such unlawful practices. Specifically, the Commission alleges that Defendant paid Barbara Mark and Colleen Dalton, Printing Research Laboratory employees, a lower salary than paid to male Printing Research Laboratory employees although performing substantially equal work.

## JURISDICTION AND VENUE

1.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized pursuant to Section 16(c) of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §216(c), to enforce the requirements of the Equal Pay Act of 1963, codified as Section 6(d) of the FLSA, 29 U.S.C. §206(d), and pursuant to §706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5 (f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The employment practice alleged to be unlawful was and is now being committed within the jurisdiction of the United States District Court for the Eastern District of Michigan, Southern Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of the Equal Pay Act and Title VII, and is expressly authorized to bring this action by Section 16(c) of the FLSA, 29 U.S.C. §216(c), as amended by Section 1 of Reorganization Plan No.1 of 1978, 92 Stat. 3781, and by Public law 98-532 (1984), 98 Stat. 2705; and by Section 706 (f)(1) and (3) of Title VII, 42 U.S.C. §§2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, Flint Ink Corporation (the "Employer"), has continuously been a Michigan corporation doing business in the State of Michigan and the City of Ann Arbor, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701 (b), (g) and (h) of Title VII, 42 U.S.C. §§2000e(b), (g) and (h).

6. At all relevant times, Defendant Employer has acted directly or indirectly as an employer in relation to employees and has continuously been an employer of employees within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d).

7. At all relevant times, Defendant Employer has continuously employed employees engaged in commerce or in production of goods for commerce within the meaning of Section 3(b),(i) and (j) of the FLSA, 29 U.S.C. §203(b), (i) and (j), or has been continuously been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(r)

and (s) of the FLSA, 29 U.S.C. §203(r)and (s), in that said enterprise has continuously been and is now an enterprise whose annual gross volume of sales made or business done is not less than $500,000.

## CONCILIATION

8. Before commencement of this lawsuit, the Commission's representatives attempted to eliminate the alleged unlawful employment practices through informal methods of conciliation, conference and persuasion within the meaning of Section 706 (b) of Title VII, 42 U.S.C. §2000e-5(b).

## STATEMENT OF CLAIMS

9. More than thirty days before the commencement of this lawsuit, Barbara Mark filed a charge with the Commission alleging violations of Title VII and the Equal Pay Act by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

10. Since at least August of 1998, Defendant Employer engaged in unlawful employment practices at its Ann Arbor, Michigan facility by discriminating against Barbara Mark and Colleen Dalton with respect to their compensation, terms, conditions and privileges of employment in violation of Section 703(a) of Title VII, 42 U.S.C. §2000e-2(a).

11. The effect of the practices complained of above has been to deprive Mark and Dalton of equal compensation, terms, conditions and privileges of employment and otherwise adversely affect their status as employees because of their sex.

12. The unlawful employment practices complained of in paragraph 10 above were and are intentional.

13. The unlawful employment practices complained of in paragraph 10 above were and are done with malice or with reckless indifference to the federally protected rights of Barbara Mark

and Colleen Dalton.

14. Since at least March 1999, Defendant Employer has violated Sections 6(d)(1) and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206(d)(1) and 215(a)(2), by paying wages to female employees in Ann Arbor, Michigan at rates less than the rates paid to employees of the opposite sex in the same establishment for equal work on jobs, the performance of which requires equal skill, effort, and responsibility and which are performed under similar working conditions. Specifically, Defendant paid Barbara Mark and Colleen Dalton and continues to pay Colleen Dalton, Graphic Technologists within the Printing Research Laboratory, at a rate less than comparable male Graphic Technologists within the same Printing Research Laboratory.

15. As a result of the acts complained of above, Defendant Employer unlawfully has withheld and is continuing to withhold the payment of equal wages due to Barbara Mark and Colleen Dalton.

16. The unlawful practices complained of in paragraph 14 were and are willful.

## PRAYER FOR RELIEF

Wherefore, the Commission requests that this Court:

A. Grant a permanent injunction enjoining the Defendant Employer, its officers, successors, assigns and all persons in active concert or participation with it, from discriminating within any of its establishments between employees on the basis of sex, by paying wages to employees at rates less than the rates at which it pays wages to employees of the opposite sex in the same establishment for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions.

B. Order Defendant Employer to institute and carry out policies, practices and programs which provide equal employment opportunities for women, and which eradicate the effects of its past

and present unlawful employment practices.

C. Order Defendant Employer to provide all personnel responsible for hiring with mandatory training regarding the Equal Pay Act and its prohibition against paying female employees less than male employees for the performance of substantially equal work.

D. Order Defendant Employer to make whole Mark and Dalton by providing appropriate backpay with prejudgment interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful-place pay increases of the aggrieved individuals.

E. Grant a judgment requiring Defendant Employer to pay appropriate back wages in an amount to be proved at trial, and an equal sum as liquidated damages or prejudgment interest in lieu thereof, to Mark and Dalton, the employees whose wages are being unlawfully withheld as a result of the acts complained of above.

F. Order Defendant Employer to make whole Mark by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 10 above in amounts to be proven at trial.

G. Order Defendant Employer to make whole Mark by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraph 10 above in amounts to be proven at trial.

H. Order Defendant Employer to pay Mark and Dalton punitive damages for its malicious or reckless conduct described in paragraph 10 above in amounts to be proven at trial.

I. Grant such further relief as this Court deems necessary and proper in the public interest.

J. Award the Commission its costs of this action.

<u>JURY TRIAL AND DEMAND</u>

The Commission requests a jury trial on all questions of fact raised by its complaint.

NICHOLAS M. INZEO
Acting Deputy General Counsel

Equal Employment Opportunity
Commission
1801 L Street, N.W.
Washington, D.C. 20507

_____
Adele Rapport (P44833)
Regional Attorney

Stanley H. Pitts (P33519)
Supervisory Trial Attorney

Krystal M. Gardner (P54495)
Trial Attorney

DETROIT DISTRICT OFFICE
Patrick V. McNamara Building
477 Michigan Ave., Room 865
Detroit, Michigan 48226
(313) 226-6701

Date: 3/21/02