*CLOSED*

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**   Jan 22   1 52 in '03

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

                Plaintiff,                Civil No. 02-40075

v.                               Honorable Paul V. Gadola

FLINT INK CORPORATION,

                Defendant.

**RECEIVED**

**JAN 16 2003**

CLERK'S OFFICE
U.S. DISTRICT COURT

| | |
|---|---|
| Adele Rapport (P44833) | Timothy K. Carroll (P11671) |
| Stanley H. Pitts (P33519) | John W. Smith (P60337) |
| Krystal M. Gardner (P54495) | Attorneys for Defendant |
| Attorneys for Plaintiff | Dykema Gossett PLLC |
| Patrick V. McNamara Bldg. | 400 Renaissance Center |
| 477 Michigan Avenue, Rm 865 | Detroit, MI 48243-1668 |
| Detroit, MI 48226 | (313)568-6800 |
| (313)226-5670 | |

## CONSENT DECREE

Plaintiff, the United States Equal Employment Opportunity Commission ("the

Commission"), filed this action on March 22, 2002, in the United States District Court for the

Eastern District of Michigan, Southern Division. The Commission alleges that Defendant Flint Ink

Corp. engaged in discriminatory conduct by paying Barbara Mark (female) and Colleen Dalton

(female), Printing Research Laboratory employees, a lower salary than it paid to male Printing

Research Laboratory employees although performing substantially equal work. The Commission

further alleges that Flint Ink was aware of the wage disparity, yet it continued to pay the female

1

workers less than their male counterparts.

As a result of settlement discussions, the Commission and Flint Ink have resolved their differences and have agreed that this action should be settled. It is the intent of the parties that this Decree be a final and binding settlement in full disposition of all claims alleged against Flint Ink or which could have been alleged against Flint Ink in the complaint filed by the Commission on behalf of Mark and Dalton.

## STIPULATED FACTS

The Commission is the agency of the United States government authorized by Title VII of the Civil Rights Act of 1964, as amended, ("Title VII") and the Equal Pay Act of 1963, as amended ("EPA") to investigate allegations of unlawful employment discrimination based on unequal payment of wages, to bring civil actions to prohibit unlawful practices, and to seek relief for individuals affected by such practices.

Pursuant to Title VII and the EPA, the parties acknowledge the jurisdiction of the United States District Court for the Eastern District of Michigan, Southern Division, over the subject matter and the parties to this case for the purpose of entering this Decree and, if necessary, enforcing this Decree.

Venue is appropriate in the Eastern District of Michigan, Southern Division. For purposes of this Decree and any proceedings related to this Decree only, Flint Ink agrees that all statutory conditions precedent to the institution of this lawsuit against Flint Ink have been fulfilled.

## FINDINGS

Having examined the terms and provisions of the Consent Decree and based on the pleadings, records, and stipulations of the parties, the Court finds the following:

2

a.  The Court has jurisdiction over the subject matter of the action and the parties to this action.

b.  The terms and provisions of this Consent Decree are fair, reasonable and just. The rights of Flint Ink and the Commission are protected adequately by this Decree.

c.  This Consent Decree conforms with the Federal Rules of Civil Procedure, and is not in derogation of the rights and privileges of any person. The entry of this Consent Decree will further the objectives of Title VII, the EPA and other applicable laws and will be in the best interests of the parties and those for whom the Commission seeks relief.

NOW, THEREFORE, IT IS HEREBY DECREED AS FOLLOWS:

## NON-ADMISSION

This Decree shall not constitute an adjudication or finding on the merits of the case and shall not be construed as an admission by Flint Ink of any violation of Title VII, Title I or the EPA.

## NON-DISCRIMINATION

Flint Ink, its officers, agents, employees, successors, assigns and all persons in active concert or participation with them or any of them, shall comply with the provisions of the Equal Pay Act of 1963 and Title VII of the Civil Rights Act of 1964.

## NON-RETALIATION

Flint Ink shall not take any action against any person which constitutes intimidation, retaliation, harassment or interference with the exercise of such person's rights under federal law because of the filing of the charge of discrimination with the Commission, which forms the basis for

3

the present case, or because such person gave assistance or participated in any manner in any investigation or proceeding in connection with this case under the EPA and Title VII.

## MONETARY COMPENSATION

Flint Ink shall pay monetary damages to Barbara Mark and Colleen Dalton in the amount of $120,000 in the aggregate, less applicable state and federal income tax withholdings. The checks, in amounts determined by the Commission, shall be made payable to Mark and Dalton and mailed directly to Mark and Dalton by certified mail within ten (10) days after the order of dismissal has been entered by the Court or ten (10) days after receipt by Flint Ink of executed releases, in the form attached hereto, whichever is later. A photocopy of the check and a photocopy of the certified mail receipt shall be mailed to Adele Rapport, Regional Attorney, 477 Michigan Avenue, Room 865, Detroit, Michigan 48226.

## TRAINING

Flint Ink shall provide mandatory training to managerial personnel at its facility in Ann Arbor, Michigan, who provide meaningful input in determining employee wages or salaries. The training shall detail the requirements of Title VII and the EPA. In particular, the training will provide an explanation of the EPA's requirement that employers pay equal wages to male and female workers who perform substantially equal work, and Title VII's prohibition of wage discrimination based on sex.

The Commission shall have the right to review the Title VII and EPA training utilized by Flint Ink to assure that it contains the components set forth in the above paragraph. Such training shall be completed within twelve (12) months after this Decree has been filed with the Court. Upon completion of the training, Flint Ink shall certify to the Commission the specific training which was

4

undertaken and shall provide the Commission with a roster of all persons in attendance.

## DISPUTE RESOLUTION AND COMPLIANCE

The Court shall retain jurisdiction and will have all available equitable powers, including injunctive relief, to enforce this Decree. Upon motion of either party, the Court may schedule a hearing for the purpose of reviewing compliance with this Decree. The parties shall engage in a good faith effort to resolve any dispute as to compliance before seeking review by the Court, and shall be required to give notice to each other ten (10) days before moving for such review.

## COURT COSTS AND ATTORNEY FEES

All parties shall bear their own costs and expenses of litigation, including attorneys fees.

## SEVERABILITY

If any provision of this Decree is found to be unenforceable by a court of competent jurisdiction, only the specific provision in question shall be affected, and the other enforceable provisions shall remain in full force and effect.

## MISCELLANEOUS

The terms of this Consent Decree shall be binding upon the present and future owners, officers, directors, agents, trustees, administrators, successors, representatives, and assigns of Flint Ink. This agreement constitutes the entire agreement and commitments of the parties. Any modifications to this Decree must be mutually agreed upon and memorialized in a writing signed by authorized representatives of Flint Ink and the Commission.

Any documents submitted by Flint Ink to the Commission pursuant to this Decree shall be mailed by certified mail to Adele Rapport, Regional Attorney, EEOC, Detroit District Office, 477 Michigan Avenue, Room 865, Patrick V. McNamara Building, Detroit, Michigan 48226.

5

## TERM OF DECREE/CONCLUSION

This Decree shall remain in effect for one year from the date of its execution by Flint Ink

Corp. The terms of this Decree have been fully reviewed by the appropriate officials of the

Commission and Flint Ink, and both the Commission and Flint Ink enter into the Decree knowingly

and voluntarily, with a firm understanding of both the rights they are giving up and the obligations

they are undertaking by this Decree.

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

NICHOLAS INZEO
Acting Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

ADELE RAPPORT (P44833)
Regional Attorney
STANLEY H. PITTS (P33519)
KRYSTAL M. GARDNER (P54495)

DETROIT DISTRICT OFFICE
Patrick V. McNamara Federal Bldg. Rm 865
477 Michigan Ave., Detroit, MI 48226
(313) 226-5670

Dated: _January 16, 2003_

**IT IS SO ORDERED:**

_1/22/03_

Date

**FLINT INK CORPORATION**

By: GLENN T. AUTRY
Vice President, Human Resources

By: DYKEMA GOSSETT PLC

TIMOTHY K. CARROLL (P11671)
JOHN W. SMITH (P60337)

Attorneys for Defendant
400 Renaissance Center
Detroit, Michigan 48243-1668
(313) 568-6800

Dated: _January 10, 2003_

PAUL V. GADOLA
United States District Judge

6